# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| BILLY D. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-01204 |
| | ) | Judge Haynes |
| JOE MATTHEWS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## M E M O R A N D U M

Plaintiff, Billy D. Stewart, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Joe Matthews, a Sumner County deputy sheriff, and Sunny Weatherford,[1] Sheriff of Sumner County. (Docket No. 1). Plaintiff seeks injunctive relief and damages. (*Id.* at p. 5).

According to his complaint, on November 7 of an unspecified year,[2] unnamed Sumner County deputies arrested the Plaintiff in his home. The arrest arose out of an altercation with Plaintiff's brother. The officers effected the arrest inside the Plaintiff's residence where Plaintiff resided with family members. Plaintiff alleges that his brothers gave the officers a key to enter the residence. Plaintiff alleges that the officers did not have permission to enter the residence. (*Id.*)

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the

---

[1] The Sheriff of Sumner County is Roy Sonny Weatherford.

[2] In the Plaintiff's complaint filed on June 14, 2011, in Case No. 3:11-cv-00570, the Plaintiff alleges that these events occurred on November 7, 2010. (Docket No. 1).

1

"courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of the Court's records shows that in June of 2011, Plaintiff filed earlier action against Sumner County Sheriff Roy Weatherford and Sumner County deputy Joe Matthews alleging the same facts as in this action. *See Billy Dean Stewart v. Roy Weatherford, et al.*, No. 3:11-cv-0570 (M.D. Tenn. 2011)(Haynes, J.). There, the Court dismissed the complaint for failure to state claims upon which relief can be granted. (Docket Entry Nos. 4 and 5).

Under the doctrine of *res judicata*, a final judgment on the merits bars any and all claims by the parties or their privies based on the same claim as to every matter actually litigated, as well as every theory of recovery that could have been presented. *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Once an issue is actually determined by a court of competent jurisdiction, that determination is conclusive in subsequent actions based on a different claim when used against any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 152-54 (1979). Dismissal with prejudice is considered a final judgment on the merits for purposes of *res judicata*. *See Haddad v. Mich. Nat'l Corp.*, 34 Fed. Appx. 217, 218 (6th Cir. 2002)(citing *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 487, 501 (5th Cir. 1994)).

After reviewing Plaintiff's complaint, Plaintiff simply restates the same or similar allegations against the same Defendants stemming from the Plaintiff's arrest in his home on November 7, 2010. The Court has already rendered a final decision on the merits regarding these claims. As a result, Plaintiff's claims in this action are barred by the doctrine of *res judicata*. Moreover, all theories of recovery related to the November 7, 2010, incident that could have been presented to the Court in

2

the Plaintiff's prior lawsuit against these same Defendants, are barred by the doctrine of *res judicata*.

For these reasons, the Court concludes that the Plaintiff's complaint fails to state a claim upon which relief can be granted. Thus, the complaint must be dismissed.

An appropriate Order is filed herewith.

Entered this the _____ day of _____ 2012.

William J. Haynes, Jr.
United States District Judge